IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL K. CIACCI, ) | CIVIL NO. 12-00511 JMS-KSC |
| ) | |
| Plaintiff, ) | ORDER DISMISSING ACTION |
| ) | |
| vs. ) | |
| ) | |
| STATE OF HAWAII GOVERNMENT; ) | |
| HAWAII STATE SENATOR LES ) | |
| IHARA, JR.; UNIVERSITY OF ) | |
| HAWAII AT MANOA, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## ORDER DISMISSING ACTION

### I. INTRODUCTION

On September 10, 2012, Plaintiff Michael K. Ciacci ("Plaintiff"), proceeding pro se, filed a Complaint seeking damages and injunctive relief naming as Defendants the "State of Hawaii Government;" Hawaii State Senator Les Ihara, Jr.; and the University of Hawaii at Manoa (collectively, "Defendants"). On September 27, 2012, the court dismissed the Complaint with leave to amend. Doc. No. 10. On November 5, 2012, Plaintiff filed an Amended Complaint, Doc. No. 15. He followed with a Second "Amended and Supplemental" Complaint ("SAC")

on November 23, 2012.[1] The court has screened the SAC as required under 28 U.S.C. § 1915(e)(2)(B), and DISMISSES the action for the following reasons.[2]

## II. DISCUSSION

**A.     Standard of Review**

The court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening, and order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Plaintiff is appearing pro se; consequently, the court liberally construes his pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987)

---

[1] On November 28, 2012, Plaintiff also filed another document entitled "Amended and Supplemental Complaint," which sought only to add a remedy ("release[] [Plaintiff] from the above mentioned detention of his custody") to the prayer for relief in the SAC. Doc. No. 19. Construing the pleadings liberally in favor of the pro se Plaintiff, the court thus considers the operative Complaint to be the SAC, but seeking relief as stated in both the SAC and in the "Amended and Supplemental Complaint" of November 28, 2012.

[2] Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.

("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam))).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

*Twombly*, 550 U.S. at 556).  In other words, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  *Starr*, 652 F.3d at 1216.  Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8.  *Iqbal*, 556 U.S. at 679.

Federal Rule of Civil Procedure 8 ("Rule 8")  mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  A complaint that is so confusing that its "true substance, if any, is well disguised" may be dismissed *sua sponte* for failure to satisfy Rule 8.  *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . ., prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.").

Put differently, a district court may dismiss a complaint for failure to comply with Rule 8 where the complaint fails to provide defendants with fair

notice of the wrongs they have allegedly committed.  *See McHenry*, 84 F.3d at 1178-80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *cf. Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1105 n.4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling").  Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotations omitted).

### B.     Application to the SAC's Allegations

Applying the preceding principles, the court dismisses the SAC for lack of subject matter jurisdiction and for failure to state a claim.  Because further amendment would be futile, the dismissal is with prejudice.

In his original Complaint, Plaintiff appeared to assert a violation of the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g.  He sought to compel Defendants to produce to him his own student employment records and "otherwise compel [D]efendants [to] perform duties owed plaintiff in

accordance with 28 U.S.C. section 1361."[3]  Doc. No. 1, Compl. at 1.  He also mentioned a Freedom of Information Act ("FOIA"), 5 U.S.C. § 522, request that was "either denied or ignored."  *Id.*  His Complaint described requests (which have apparently not been satisfactorily answered) for his student employment records that he made to the "Hawaii State Government - Legislature" (through the Hawaii Attorney General), Defendant Ihara, and the University of Hawaii.

The court dismissed that Complaint for failure to state a claim and for lack of subject matter jurisdiction, but granted Plaintiff leave to amend, recognizing that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  Doc. No. 10, Order of Sept. 27, 2012 at 9 (quoting *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 926 (9th Cir. 2012)).  The court explained to Plaintiff that if he chose to file an Amended Complaint,

> he must make basic factual allegations in sufficient detail to state a 'plausible' claim, and then clearly set forth separate counts for each cause of action.  That is, the Amended Complaint must (1) comply with Rule 8's requirement of "simple, concise, and direct" factual allegations, and (2) contain a basis for federal subject matter jurisdiction.  An Amended Complaint:

---

[3] 28 U.S.C. § 1361 provides district courts with jurisdiction in the nature of mandamus to compel officers or employees of the United States -- not state agencies or actors like those named as Defendants in this action -- to perform a duty owed to a plaintiff.

>    (a)   must clearly state how each Defendant has injured Plaintiff, or how the court can provide relief against each Defendant.  In other words, Plaintiff should explain, in clear and concise allegations, what each Defendant did (or failed to do) and how those specific facts create a plausible claim for relief in reference to a specific statute or common-law cause of action; and
>
>    (b)   must clearly state the relief sought and how there is basis for a claim in federal court.  In other words, Plaintiff must explain the basis of this court's jurisdiction.

*Id.* at 9-10.

Plaintiffs' SAC, however, bears little relationship to his original Complaint.[4]  The SAC is now brought pursuant to 42 U.S.C. § 1983, apparently challenging Hawaii Revised Statutes ("HRS") § 78-27[5] and a corresponding State

---

[4]  In Plaintiff's First Amended Complaint filed on November 5, 2012, he claimed to have endured "assault and harassment resulting from defendants' conduct in violation of 18 U.S.C. Section 249, Hate Crimes Act," and sought $3,000,000 in damages for the loss of "3,000 + stolen saved emails."  Doc. No. 15, Am. Compl. at 1-2.

[5]  HRS § 78-27, titled "Temporary inter-and intra-governmental assignments and exchanges," provides in part:

>    (a) With the approval of the respective employer, a governmental unit of this State may participate in any program of temporary inter-or intra-governmental assignments or exchanges of employees as a sending or receiving agency. "Agency" means any local, national, or foreign governmental agency or private agency with government sponsored programs or projects.

of Hawaii, Department of Human Resources Policy 702.001.[6] Doc. No. 17, SAC at 2.  Both those sections concern inter-governmental assignments for State of Hawaii employees (*e.g.*, a State of Hawaii employee assigned to the City and County of Honolulu).  Plaintiff alleges that these provisions became applicable "under his student internship contract . . . on or about February 14, 2009 . . . without granting explicit notice and explicit consent . . . and otherwise Mr. Ciacci's custody has been under State of Hawaii Government control." *Id.*  Because of policy 702.001, Plaintiff claims to be in "custody in contravention of 18 U.S.C. Section 4001(a) and 42 U.S.C. Section 2000dd." Doc. No.17, SAC at 2.[7]

Title 18 U.S.C. § 4001(a) provides that "[n]o citizen shall be imprisoned or otherwise detained by the United States except pursuant to an Act of

---

[6] Policy 702.001 provides in part:

> With the approval of the Governor, State employees may share their expertise and gain further knowledge and experience in public service by working in other jurisdictions or departments through temporary inter- and intra-governmental assignments or exchanges.

*See* http://hawaii.gov/hrd/information/HRDInfoCentral/PnPCentral/PnPPersInfoRecrdsRept/ 702001TempInterIntraGovAssgnmntNExchng (last visited December 20, 2012).

[7] The docket reflects that Plaintiff's address is 1514 Eighth Street NW, Washington D.C., which Plaintiff states is a "halfway house" where is he is in "custody" pursuant to a pre-trial release order in a pending criminal case from the District of Columbia Superior Court.  *See* Doc. No. 8, Pl.'s Mot. to Modify Order, at 1; Doc. No. 8-1, Pl.'s Ex. (indicating Plaintiff has been charged "while armed with a dangerous weapon, that is a liquor bottle," of "assault with intent to kill").

8

Congress."  Also known as the Non-Detention Act, it was passed in 1971 to repeal the Emergency Detention Act of 1950, which had allowed executive detention of individuals deemed likely of espionage.  *See Hamdi v. Rumsfeld*, 542 U.S. 507, 517 (2004).  It clearly has no applicability here.  Similarly, 42 U.S.C. § 2000dd(a), which is part of the Detainee Treatment Act of 2005 and the Military Commissions Act of 2006, provides that "[n]o individual in the custody or under the physical control of the United States Government, regardless of nationality or physical location, shall be subject to cruel, inhuman, or degrading treatment or punishment."  *See Ali v. Rumsfeld*, 649 F.3d 762, 781 (D.C. Cir. 2011).  It likewise could not possibly apply in this action.

        Plaintiff also alleges that "Hawaii State law neglects to provide [a] scheme to review and oversight implementation of policy no. 702.001," Doc. No. 17, SAC at 3, apparently believing that these state provisions have led to his "custody and [detention] under State of Hawaii Government control." *Id.* at 2.  He further alleges that he "intended to voluntarily resign and otherwise end his student internship employment and sever all agreements" (apparently with the office of Defendant Ihara), and that "he would not be let out of his internship employment." *Id.* at 4.  He therefore seeks a "preliminary injunction against State of Hawaii Government to stop future detention and transfers of his custody." *Id.* at 3, 5.

The SAC's fanciful and frivolous allegations fail to state a claim. Even assuming Plaintiff was somehow covered by state laws or policies that allow state employees to work for other governmental agencies, any assumed violation of such state laws could not possibly constitute "custody" for purposes of 18 U.S.C. § 4001(a), nor constitute "cruel, inhuman, or degrading treatment or punishment" under 42 U.S.C. § 2000dd(a).

The Complaint also alleges that his emails were "extracted from his student webmail account at . . . the University of Hawaii at Manoa[.]" Doc. No. 17, SAC at 5. Because his email folder "was completely extracted and emptied," it violated "his expectation of privacy" and "constitu[ed] theft of personal and private informational property . . . in contravention of Mr. Ciacci's right of privacy." *Id.* at 6. The SAC, however, alleges no other facts establishing the context for the alleged deletion of Plaintiff's email account. He seeks a preliminary injunction to "stop future violations," as well as damages against the University of Hawaii at Manoa. *Id.* at 7.[8]

These allegations also fail to state a claim. Plaintiff likely has no right

---

[8] In the previous version of his Complaint, Plaintiff appeared to allege that withholding and denying his requests for his emails violated FERPA, 20 U.S.C. § 1232g. Doc. No. 15, Am. Compl. at 1. But the court had previously notified Plaintiff when granting leave to amend that "[FERPA] does not create a private right of action . . . under 42 U.S.C. § 1983." *Desyllas v. Bernstine*, 351 F.3d 934, 940 n.2 (9th Cir. 2003). *See* Doc. No. 10, Order at 7.

to have a university maintain his email account, and, in any event, the SAC seeks damages from the University of Hawaii.  The University of Hawaii is a state agency entitled to immunity under the Eleventh Amendment.  *See Mukaida v. Hawaii*, 159 F. Supp. 2d 1211, 1220-22 (D. Haw. 2001) (determining the University of Hawaii at Manoa to be an "arm of the state" such that it had Eleventh Amendment immunity).  Whether a Defendant is entitled to Eleventh Amendment immunity implicates this court's subject matter jurisdiction, and may be raised sua sponte.  *See, e.g.*, *Cal. Franchise Tax Bd. v. Jackson*, 184 F.3d 1046, 1048-49 (9th Cir. 1999) ("Eleventh Amendment sovereign immunity limits the jurisdiction of the federal courts and can be raised by a party at any time during judicial proceedings or by the court sua sponte."); *Rodriguez v. Williams*, 447 Fed. Appx. 850, 851 (9th Cir. Aug. 17, 2011) (same).  As for Plaintiff's seeking of an injunction against State officials to stop "future violations," Plaintiff has not alleged an ongoing continuous violation of federal law as necessary for an exception to Eleventh Amendment Immunity under *Ex Parte Young*.  *See, e.g.*, *In re Ellett*, 254 F.3d 1135, 1138 (9th Cir. 2001) ("Under *Ex Parte Young* and its progeny, a suit seeking prospective equitable relief against a state official who has engaged in a continuing violation of federal law is not deemed to be a suit against the State for purposes of state sovereign immunity."); *cf. Machesky v. Hawfield*,

2008 WL 614819, at *6 (W.D. Pa. Mar. 4, 2008) ("Because [plaintiff] has failed to allege enough facts to establish an email related liberty [interest] 'that is plausible on its face,' his section 1983 claim, insofar as it is based on the alleged deprivation of that interest, should be dismissed with prejudice.") (citing *Twombly*, 550 U.S. at 570).

C.  **Leave to Amend**

When dismissing the complaints of pro se litigants, the court follows the principle that pro se litigants are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action," "[u]nless it is absolutely clear that no amendment can cure the [complaint's] defect[s]." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Plaintiff has now submitted three Complaints to this court, and Plaintiff's SAC still fails to state a claim. Indeed, Plaintiff's theories have changed completely from his initial Complaint. Given the history of this action, and the frivolous allegations of the SAC, the court finds that granting Plaintiff leave to file a third amended complaint would be futile. *See id.*; *see also Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (reiterating that a district court may deny leave to amend for, among other reasons "repeated failure to cure deficiencies by amendments previously allowed . . . [and] futility of amendment"). Accordingly,

dismissal of the SAC is with prejudice and without further leave to amend.

## III.  CONCLUSION

For the reasons stated above, the court DISMISSES the Second Amended Complaint with prejudice.  The action is DISMISSED.  The Clerk of Court shall enter judgment against Plaintiff and close the case file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 24, 2012.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Ciacci v. State of Hawaii Government, et al.*, Civ. No. 12-00511 JMS-KSC, Order Dismissing Action